UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ORALIA C. SANCHEZ,

    Plaintiff,

*v*.                              CASE NO. 08-CV-11777

COMMISSIONER OF             DISTRICT JUDGE BERNARD A. FRIEDMAN
SOCIAL SECURITY,              MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

### I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability, disability insurance benefits and supplemental security income benefits. This matter is currently before the Court on cross-motions for summary judgment. (Dkt. 22, 26.)

Plaintiff was 53 years of age at the time of the most recent administrative hearing. (Transcript, Dkt. 4 at 15, 23.) Plaintiff's relevant employment history included work as a machine operator and laborer. (Tr. at 78.) Plaintiff last worked in August 2001. (*Id.*)

The Administrative Law Judge ("ALJ") found Plaintiff was not disabled within the meaning of the Social Security Act from the date of the amended disability onset date of October 30, 2002. (Tr. at 22.) Plaintiff filed the instant claim on July 24, 2003, alleging that she became unable to work on January 1, 1981.[2] (Tr. at 55-57.) The claim was denied at the initial administrative stages. (Tr. at 23, 24-28.) In denying Plaintiff's claims, the Defendant Commissioner considered diabetes mellitus and migraines as possible bases of disability. (Tr. at 23.)

On April 6, 2006, Plaintiff appeared with counsel before ALJ Kathryn D. Burgchardt, who considered the case *de novo*. In a decision dated April 26, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at 12-22.) Plaintiff requested a review of this decision on May 3, 2006. (Tr. at 10.)

---

[2]Shortly before the close of the administrative hearing, Plaintiff's counsel asked to amend the disability onset date to October 30, 2002. (Tr. at 305-306.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on April 4, 2008, when, after the review of additional exhibits[3] (Tr. at 9), the Appeals Council denied Plaintiff's request for review. (Tr. at 5-7.)  On April 28, 2008, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

### B. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by

---

[3]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting S.S.R. 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, the court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of the court's review is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x 521, 526 (6th Cir. 2006).

**C.     Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II, 42 U.S.C. §§ 401 *et seq.*, and the Supplemental Security Income Program ("SSI") of Title XVI, 42 U.S.C. §§ 1381 *et seq*. Title II benefits are available to qualifying wage earners who become disabled prior to the

expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. BLOCH, FEDERAL DISABILITY LAW AND PRACTICE § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If Plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

D.    **Administrative Record**

A review of the relevant medical evidence contained in the administrative record and presented to the ALJ indicates that Plaintiff was seen on a number of occasions in the emergency room of the St. John Detroit Riverview Hospital for dizziness and cholelthiasis.[4] (Tr. at 98-109.) Plaintiff also sought treatment at the Detroit Community Health Connection for persistent coughing and diarrhea. (Tr. at 110-19.) In late 2003, Plaintiff was seen for a consultation by Cynthia Shelby-Lane, M.D. (Tr. at 120-27.) From 2000-2005, Plaintiff also sought treatment with the Community Health Social Services Center, Inc. ("CHASS"), for dizziness, cholelthiasis, diabetes, and migraine headaches. (Tr. at 138-278.) Plaintiff underwent surgical removal of her gall bladder in June 1998. (Tr. at 173-75.) Plaintiff also underwent a consultative examination conducted at the request of the Disability Determination Service, which was performed by Dr. Shelby-Lane. (Tr. at 120-24.)

---

[4]Cholelthiasis is the formation of gallstones. 2 J. E. SCHMIDT, M.D., ATTORNEYS' DICTIONARY OF MEDICINE C-225.

7

### E. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged amended onset date of October 30, 2002.[5]  (Tr. at 15, 17.)  At step two, the ALJ found that Plaintiff's migraine headaches, hypertension, and anxiety disorder were "severe" within the meaning of the second sequential step.  (Tr. at 17-18.)  At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Tr. at 18.)  At step four, the ALJ found that Plaintiff could perform her previous work as a machine operator and packager.  (Tr. at 21-22.)

### F. Analysis and Conclusions

#### 1. Legal Standards

In deciding that Plaintiff could return to her prior work, the ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of light work.  (Tr. at 21.)  Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

---

[5]In the Decision, the ALJ noted that Plaintiff had filed prior applications for benefits which she had not pursued through the available avenues of administrative appeal and declined to reopen those applications. (Tr. at 15.) Under the doctrine of administrative *res judicata,* I suggest this action was appropriate. *See Califano v. Sanders*, 430 U.S. 99, 107-08, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977) (no jurisdiction to review refusal to reopen absent a constitutional claim); *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841 (6th Cir. 1997); *Bagby v. Harris*, 650 F.2d 836 (6th Cir. 1981).

After review of the record, I suggest that the ALJ utilized the proper legal standard in the application of the Commissioner's five-step disability analysis to Plaintiff's claim.

### 2. Return to Prior Work

The ALJ concluded that Plaintiff had the ability to return to her prior work. (Tr. at 21.) This finding ended the ALJ's disability inquiry because Plaintiff could not make out a prima facie showing of disability as she could return to her previous work.

The Commissioner's regulations state that the agency "will first compare our assessment of your residual functional capacity with the physical and mental demands of your past relevant work." 20 C.F.R. § 416.960(b). "If you can still do this kind of work, we will find that you are not disabled." 20 C.F.R. § 404.1520(f). "'By referring to the claimant's ability to perform a "kind" of work, [the regulations] concentrate[] on the claimant's capacity to perform a type of activity rather than his ability to return to a specific job or to find one exactly like it.'" *Boucher v. Apfel*, 238 F.3d 419, 2000 WL 1769520, at *7 (6th Cir. Nov. 15, 2000) (quoting *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995)).

In determining the level of exertion required by prior work, the testimony of the vocational expert ("VE") should be compared to the Dictionary of Occupational Titles ("DOT").[6] *Bauer v. Barnhart*, 168 Fed. App'x 719 (6th Cir. 2006). Simply asking the VE if his testimony is consistent with the DOT satisfies the requirements under Social Security Regulation 00-4p. *Martin v. Comm'r of Social Security*, 170 Fed. App'x 369, 375-76 (6th Cir. 2006).

### 3. Expiration of Eligibility for Benefits

Both at the administrative hearing and in the Decision, the ALJ found that Plaintiff's eligibility for benefits expired December 31, 2005. In order to be eligible for disability benefits,

---

[6] I note that the DOT is available on Westlaw (database identifier: DICOT).

a person must become disabled during the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. §§ 416(i), 423(c)(1)(B)(i). It is improper for an administrative law judge to concentrate on a claimant's abilities and condition at the date of hearing, rather than during the time period when the plaintiff met the special earnings' requirements. *Davis v. Califano*, 616 F.2d 348 (8th Cir. 1979). *See also Mohr v. Bowen*, No. 87-1534, 1988 WL 35265, at *2 (6th Cir. April 21, 1988). In this circuit, to qualify for social security disability benefits, disability must be proven to exist during the time the plaintiff was insured within the meaning of the special insured status requirements of the Act; if the plaintiff becomes disabled after the loss of insured status, the claim must be denied even though the plaintiff has indeed become disabled. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Estep v. Weinberger*, 525 F.2d 757 (6th Cir. 1975). Thus, as a general rule, the only medical evidence relevant to the issue of disability is that medical evidence dealing with a claimant's condition during the period of insured status.

In *Begley v. Mathews*, 544 F.2d 1345 (6th Cir. 1976), the court held, however, that "[m]edical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time." *Id*. at 1354. Directly on point, the Sixth Circuit held in *Higgs*, 880 F.2d at 863, that the Commissioner must consider medical evidence of a claimant's condition after her date last insured to the extent that the evidence is relevant to the claimant's condition prior to the date last insured.

In this case, the ALJ, after review of Plaintiff's social security earnings' record (Tr. at 64-65), concluded that Plaintiff's insured status ended on December 31, 2005. This was the last quarter in which Plaintiff had 20 quarters of coverage within a 40-quarter period. 20 C.F.R. §

404.130(b). The ALJ therefore ruled that only the evidence pertaining to Plaintiff's condition prior to that date could be considered in support of the disability benefits claim.

On the basis of the Social Security Act and *Estep*, which controls in this circuit, I conclude that the ALJ properly found that Plaintiff's insured status ceased as of December 31, 2005, and that, therefore, the refusal to consider later medical evidence was proper.

  **4.  Substantial Evidence**

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. As noted earlier, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan,* 474 F.3d at 833; *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

After review of this record, I suggest that substantial evidence supports the ALJ's findings and conclusions. Treatment records of the Community Health & Social Services Center ("CHASS") indicate that in 2004 Plaintiff had diabetes which was poorly controlled. (Tr. at 144.) She was advised to continue medications and was referred to a nutritionist. (*Id.*) In September 2004, a similar assessment was made. (Tr. at 249.) She was referred for eye and heart examinations. (*Id.*) Lab tests from November 2004 indicate that she had not fasted as required for an accurate test (Tr. at 256), resulting in elevated glucose levels. In April 2005, Plaintiff reported that she had run out of medications a number of months ago. (Tr. at 263.) After complaints of chest pain in May 2005, an electrocardiogram was within normal limits. (Tr. at 265, 276, 278.) Upon examination after Plaintiff complained of back pain, her physicians found that although she exhibited muscle spasms and tenderness in one area, she nevertheless possessed full range of back

motion. (Tr. at 267-69.) Although Plaintiff complained of vision loss (Tr. at 263), there is no relevant evidence of record that she saw an opthamologist. The Commissioner's consultative physician measured her unaided vision as being between 20/30 and 20/50. (Tr. at 125.) In addition, at the administrative hearing, Plaintiff testified that she could sit or stand for 15-20 minutes and that she could walk for 15-20 minutes. (Tr. at 289.) She also testified that she could dress herself, make breakfast, visit with friends and family, go grocery shopping wither her son, do light cleaning, sometime cook, and wash dishes. (Tr. at 294-95.)

A vocational expert also testified at the administrative hearing. In response to a second hypothetical question presuming a person of Plaintiff's background who: (1) was capable of lifting no more than twenty pounds occasionally and ten pounds frequently, (2) could stand or walk for six hours out of an eight-hour day and sit for six hours out of an eight-hour day, (3) had pushing and pulling limitations within the weight restrictions given, and (4) was able to perform postural balancing, stooping and kneeling frequently but climbing only occasionally, the VE testified that she could return to her previous work as long as it was on the "light" rather than the "medium to light" side. (Tr. at 302-03.) The hypothetical was further modified to assume a person who could only stand or walk for two hours out of an eight-hour workday, which would not allow Plaintiff to return to her former work but would allow Plaintiff to perform the following jobs: 7,000 sedentary bench assembler jobs; 4,000 sedentary packager jobs; and 2,000-2,500 sedentary skilled inspector jobs. (Tr. at 304.) These opinions and the ALJ's findings upon which they are based are, I suggest, consistent with both the relevant medical evidence of record and Plaintiff's own descriptions of her prior work. (Tr. at 79-82.) *See Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

The ALJ did not find Plaintiff's allegations of disabling pain fully credible. (Tr. at 18.) Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. First, the plaintiff must establish an underlying medical condition and, second, there must either be (1) objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively-determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b) (1995); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c) (1995); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate her symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.* An ALJ may give also less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at **3 (6th Cir. Ohio Feb. 11, 1999).

In the present case, the ALJ acknowledged that Plaintiff had an impairment that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*,

127 F.3d 525, 531 (6th Cir. 1997). Under this standard, I suggest that there is insufficient basis on this record to overturn the ALJ's credibility determination.

Lastly, as noted above, the medical evidence contains notations that Plaintiff did not consistently follow the directions of her treating medical professionals, particularly as to her diabetes. (Tr. at 144, 249, 256, 263.) The Commissioner's regulations provide that the denial of benefits is appropriate where a claimant fails to follow prescribed treatment. 20 C.F.R. § 404.1530. *See also Young v. Califano*, 633, F.2d 469, 472-73 (6th Cir. 1980). It has been held in this district that the failure to follow a prescribed course of treatment which could restore the ability to work is a proper ground for the denial of benefits. *Hamilton v. Sec'y of Health & Human Servs.*, No. 91-CV-73589, 1992 WL 346304 (E.D. Mich. Aug. 25, 1992) (Rosen, J.).

Accordingly, after review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is well within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

|  |  |
|---|---|
| Dated: November 17, 2008 | s/ *Charles E. Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Norton J. Cohen, Stephen P. Cares and the Commissioner of Social Security, and served on District Judge Friedman in the traditional manner.

Date: November 17, 2008       By     s/Patricia T. Morris
                                                           Law Clerk to Magistrate Judge Binder