UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORALIA SANCHEZ,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No.
08-CV-11777

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Charles E. Binder has submitted a Report and Recommendation ("R&R") in which he recommends that the court grant defendant's motion and deny plaintiff's motion. Plaintiff has submitted timely objections. The court reviews *de novo* those portions of the magistrate judge's R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In a case such as this, the court's role is limited under 42 U.S.C. § 405(g) to determining whether defendant's decision is supported by substantial evidence. In making this determination, the court does not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision.

In the present case, plaintiff claims that she is unable to work primarily because she has diabetes, migraine headaches, dizziness, blurred vision and difficulty breathing (Tr. 71). After considering the documentary evidence and the hearing testimony, including testimony of a

vocational expert, the Administrative Law Judge ("ALJ") found that plaintiff has diabetes mellitus, migraine headaches, hypertension, and anxiety disorder, but that these impairments, while severe, do not prevent plaintiff from performing her past work as a machine operator and packager (Tr. 17, 21). The ALJ therefore concluded that plaintiff is not disabled within the meaning of the Social Security Act. The magistrate judge recommends that the court uphold these findings.

In her objections, plaintiff first argues that she "was diagnosed by UHC and Chass with anxiety" but that the ALJ "overlooked the medical evidence concerning her diagnosis of anxiety, . . . ." Pltf's Obj. at 1. Plaintiff does not support this objection with any citations to the record, so the specific medical records upon which she relies are unknown. Medical records from Community Health & Social Services Center, Inc. ("CHASS") and the University Health Center ("UHC") covering the time period from May 2000 to September 2005 are included in the administrative record as Exhibits 7-F, 8-F and 9-F at pp. 138-278. The ALJ considered these exhibits, *see* Tr. 19-21, and in fact noted that "[t]here are references in the medi[c]al record . . . that the claimant has been experiencing anxiety" (Tr. 21). However, the ALJ also noted that despite these references, the record lacks evidence that plaintiff's anxiety is of disabling severity. *See id.* The court has reviewed the medical records in question and can find nothing that is inconsistent with the ALJ's assessment. It is simply untrue that the ALJ "overlooked the medical evidence concerning her anxiety." Rather, the ALJ noted the evidence[1] and found that plaintiff has an anxiety disorder, but reasonably concluded that the disorder is not of disabling severity. This objection is overruled.

---

[1] The ALJ noted that "[m]edical reports dated April 19, 2005 and May 11, 2005 from the Detroit Receiving Hospital stated that she has problems with anxiety" (Tr. 18). The referenced reports simply include the word "anxiety" with no elaboration or statement of opinion regarding severity. *See* Tr. 274, 276.

2

The next objection is that the ALJ "overlooked plaintiff's testimony about the side effects from her prescription pain medication." Pltf's Obj. at 2. Again, plaintiff does not provide any citations to the record, but the court notes she testified that "I wake up, I wash up and bathe, I take my pills, I sit down for half an hour. . . . When I take my pills I often feel very dizzy, like drunk, and . . . the doctor said you have to sit down for half an hour before standing up or eating" (Tr. 294, 297). Plaintiff also testified that the dizziness is lessened "if I eat something" (Tr. 300). As noted, plaintiff is diabetic. While the ALJ did not discuss this testimony, the omission is not so serious as to undermine her decision. The testimony is both vague and undeveloped by counsel. In addition, plaintiff has indicated that she has suffered from dizziness since 1981, and that it did not interfere with her ability to perform her past work because "[w]hen I felt dizzy or weak my employer would let me sit down to work" (Tr. 71). Under these circumstances, the court shall overrule this objection.

Plaintiff's next objection is that the ALJ erred in "rul[ing] that only the evidence pertaining to plaintiff's condition prior to the date last insured could be considered . . . ." Pltf's Obj. at 3. Plaintiff cites case authority for the proposition that medical evidence postdating the expiration of a claimant's insured status must be considered insofar as it may be relevant in assessing the severity of the claimant's ability to work prior to the expiration date. While the point of law is well established, plaintiff fails to show how the ALJ failed to abide by it. Plaintiff's insured status expired on December 31, 2005. *See* Tr. 17, 64. The medical records in this case cover the time frame from May 2000 through September 2005. As there are no medical records postdating December 31, 2005, and therefore no "post-expiration" evidence for the ALJ to consider, the objection is nonsensical.

Finally, plaintiff objects that "[t]he ALJ gave improper and excessive weight to the

opinion of the consulting physician and the disability determination who completed a residual functional capacity without physically examining Ms. Sanchez." Pltf's Obj. at 4. Plaintiff cites case authority for the rule that "the opinions of a treating physician are entitled to great weight and generally are entitled to greater weight than the contrary opinions of the consulting physicians who examined the claimant on only one occasions [sic]." *Id.* Again, while plaintiff correctly cites the general rule, she has failed to show how the ALJ ran afoul of it. Plaintiff has failed to identify a treating physician's opinion anywhere in the record. So far as the court is aware, and plaintiff does not suggest otherwise, the record contains no treating physician's opinion regarding plaintiff's ability to work, or even a treating physician's evaluation of the severity of plaintiff's medical conditions. The only narrative medical report in the record was prepared by Dr. Shelby-Lane, M.D., who examined plaintiff at defendant's request, on December 22, 2003 (Tr. 120-24), and the RFC Assessment, which was completed by a non-examining DDS medical consultant, was based in large part on Dr. Shelby-Lane's findings. *See* Tr. 131-32. This is not a case where defendant has accepted a non-treating physician's opinion of non-disability and rejected a contrary opinion of a treating physician. Plaintiff's objection that the ALJ failed to give proper weight to a treating physician's opinion is unfounded, as no such opinion exists.

For the reasons stated above,

IT IS ORDERED that Magistrate Judge Binder's Report and Recommendation of November 17, 2008, is hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that plaintiff's objections to the R&R are overruled.

4

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

                                                                              S/Bernard A. Friedman_____
                                                                              BERNARD A. FRIEDMAN
                                                                              CHIEF UNITED STATES DISTRICT JUDGE

Dated: December 2, 2008
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman